UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FREDRICK MENEFIELD, | CASE NO. 1:10-cv-2406-MJS (PC) |
| Plaintiff, | |
| vs. | **ORDER** |
| JAMES A. YATES, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff James Fredrick Menefield ("Plaintiff") is a prisoner who is proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This case will be referred to Magistrate Judge Nandor J. Vadas to conduct a settlement conference at California State Prison-Solano (CSP-SOL), on May 9, 2012 at 9:00 a.m.

A separate order and writ of habeas corpus ad testificandum will issue concurrently with this order.

Accordingly,  IT IS HEREBY ORDERED that:

    1.  This case is set for a settlement conference on May 9, 2012, at 9:00 a.m. at CSP-SOL, 2100 Peabody Road, Vacaville, California 95696.

    2.  Defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in

-1-

1  person.[1]

2      3.  Those in attendance must be prepared to discuss the claims, defenses
3  and damages.  The failure of any counsel, party or authorized person subject to this
4  order to appear in person may result in the imposition of sanctions.  In addition, the
5  conference will not proceed and will be reset to another date.

6      4.  The parties are directed to provide confidential settlement conference
7  statements to the Honorable Nandor J. Vadas, U.S. District Court-Northern District of
8  California, 514 H Street, Eureka, CA 95502 or via email at NJVpo@cand.uscourts.gov,
9  so that they arrive no later than April 25, 2012.

10     5.  The Clerk of the Court is directed to serve a copy of this order on the
11 Litigation Office at CSP-SOL at (707) 454-3429.

IT IS SO ORDERED.

Dated: March 2, 2012         /s/ *Michael J. Seng*
                             UNITED STATES MAGISTRATE JUDGE

---

[1] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference.  Pitman, 216 F.R.D. at 486.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle.  Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).