UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FREDRICK MENEFIELD,<br><br>Plaintiff,<br><br>v.<br><br>JAMES A. YATES, et al.,<br><br>Defendants.<br>_____/ | CASE NO. 1:10-cv-02406-MJS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO QUASH WRIT OF HABEAS CORPUS AD TESTIFICANDUM<br><br>(ECF No. 67) |

James Fredrick Menefield ("Plaintiff") is a prisoner confined at Pleasant Valley State Prison proceeding pro se and in forma pauperis in this civil rights action initiated in state court and removed to this Court on December 28, 2010 seeking relief pursuant to 42 U.S.C. § 1983. This case has been stayed in its entirety pending completion of a settlement conference scheduled to occur before Magistrate Judge Nandor J. Vadas at California State Prison-Solano (CSP-SOL) on May 9, 2012 at 9:00 a.m. (ECF No. 59.) The Court issued its Order and Writ of Habeas Corpus Ad Testificandum on March 5, 2012 to secure Plaintiff's attendance at the settlement conference.

Before the Court is Plaintiff's Motion to Quash the Previously-Issued Writ of Habeas Corpus Ad Testificandum and Allow the Scheduled Settlement Conference to [be] Held at Pleasant Valley State Prison. (ECF No. 67.)

The issuance of a writ of habeas corpus ad testificandum is permitted by 28 U.S.C. § 2241(c)(5) in conjunction with 28 U.S.C. § 1651(a) and is committed to discretion of

district court. Greene v. Prunty, 938 F.Supp. 637, 638 (S.D.Cal.1996). When determining whether to issue a writ of habeas ad testificandum in a civil rights proceeding brought by a prisoner the district court must exercise its discretion based on consideration of such factors as whether the prisoner's presence will substantially further resolution of the case, security risks presented by prisoner's presence, expense of the prisoner's transportation and safe-keeping and whether suit can be stayed until the prisoner is released without prejudice to the cause asserted. Ballard v. Spradley, 557 F.2d 476, 480-81 (5th Cir. 1977).

The Court stayed this matter and issued its writ of habeas corpus ad testificandum upon consideration of the above factors and the need to manage its docket and that of the settlement judge. Plaintiff has provided no information that would enable the Court to conclude there is good cause to change its Order and provide the relief sought. However the Court, with respect to Plaintiff's concerns about accessing his legal files, shall separately issue an Amended Order and Writ of Habeas Corpus Ad Testificandum to include Plaintiff's legal files.

Accordingly, Plaintiff's Motion to Quash the Previously-Issued Writ of Habeas Corpus Ad Testificandum and Allow the Scheduled Settlement Conference to [be] Held at Pleasant Valley State Prison. (ECF No. 67) ) is hereby DENIED.

IT IS SO ORDERED.

Dated:   March 28, 2012            /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE