UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FREDRICK MENEFIELD, | CASE NO.   1:10-cv-2406-MJS (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR RELIEF FROM JUDGEMENT AND REINSTATEMENT OF ACTION |
| v. | |
| JAMES A. YATES, et al., | (ECF Nos. 79, 81, 84) |
| Defendants. | |

Plaintiff James Fredrick Menefield ("Plaintiff") is a state prisoner who was proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The parties consented to Magistrate Judge jurisdiction. (ECF Nos. 6 & 7.)

This action was proceeding on Plaintiff's First Amendment claim against Defendants Yates, Trimble, Cate, Davis, Nash, Allen, Walker, Myers, McGee, Bennett, Huckabay, McBride, and Guthery for their denial of chapel access, his First Amendment claim against Defendants Yates, Davis, Nash, Fisher, and Myers for banning the use of outside foods at 'Id festivals, his Fourteenth Amendment equal protection claim against Defendant McGee regarding treatment of Muslim inmates, and his Religious Land Use and Institutionalized Persons Act claim against Defendants Yates, Trimble, Cate, Davis, Nash, Fisher, Allen, Walker, Myers, McGee, Bennett, Huckabay, McBride, and Guthery.

A settlement conference was held in the case on May 9, 2012, and the case was settled. (ECF No. 76.) On May 16, 2012, Plaintiff and Defendants Allen, James-Bennett,

1

Cate, Davis, Fisher, Guthery, Huckabay, McBride, McGee, Myers, Nash, Trimble, Walker, and Yates filed a stipulation for voluntary dismissal of the action with prejudice. (ECF No. 75.) Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), the Court ordered that the action closed and did not retain jurisdiction. (ECF No. 77.) In their stipulation, the parties simply stated that "the above entitled action shall be dismissed with prejudice." (Id.)

On July 26, 2012, Plaintiff filed a motion requesting relief from the voluntary dismissal and reinstatement of this action pursuant to Fed. R. of Civ. P. 60(b). (Pl.'s Mot., ECF No. 79.) Defendants filed an opposition on August 15, 2012 (Defs.' Opp'n, ECF No. 81), and Plaintiff filed a reply on August 29, 2012 (Pl.'s Reply, ECF No. 84). Plaintiff's motion is now ready for ruling. Local Rule 230.

I.  **ARGUMENTS**

   A.  **Plaintiff's Arguments in Favor of Reopening the Case**

Plaintiff asks that the Court reopen this case pursuant to Fed. R. Civ. P. 60(b) because Defendants have breached the settlement agreement that led to the stipulation for dismissal. (Pl.'s Mot. at 4.) Plaintiff submits a copy of the settlement agreement to the Court. (Menefield Dec'l, ECF No. 80 at Ex. A.) According to the settlement agreement, Defendants agreed to provide Muslim inmates with reasonable opportunities to participate in indoor group religious services and allow Plaintiff access to religious oils. (Id.) In the event that Defendants failed to comply with the terms of the agreement, Plaintiff was to file a CDCR 602 inmate appeal regarding the breach. (Id.)

In his motion, Plaintiff alleges that Defendants are failing to provide Muslim inmates with sufficient opportunities to participate in indoor group religious services as agreed under the settlement agreement. (Pl.'s Mot. at 6-7.) Plaintiff also alleges that Defendants have failed to process and respond to Plaintiff's CDCR 602 inmate appeal as they agreed under the terms of the agreement. (Id. at 7.)

Plaintiff asserts that since Defendants have allegedly breached the settlement agreement, the Court continues to have jurisdiction pursuant to Fed. R. Civ. P. 60(b). (Pl.'s Mot. at 8-9.)

**B.     Defendants' Arguments Against Reopening the Case**

Defendants argue that this Court lacks jurisdiction to vacate the settlement agreement. (Defs.' Opp'n at 2.) Defendants have not defrauded Menefield or frustrated the terms of the settlement agreement. (Id. at 3-4.) Defendants include a sworn declaration from the Muslim chaplain at Plaintiff's prison who explains that the prison has undertaken to comply with the terms of the agreement. (Johnson Decl., ECF No. 81.) He declares that the prison has given Muslim inmates opportunities to participate in weekly indoor religious services and that he, with the help of other chaplains, supervise the Jumu'ah prayer services every Friday of the month. (Id. at ¶¶ 3-6.) The Muslim chaplain leads Koran study in the chapel once a week on each yard. (Id. at ¶ 10.) Although Plaintiff argues that the accommodation is insufficient, the Muslim chaplain attributes Plaintiff's dissatisfaction to his slightly different interpretation of Islam's requirements. (Id. at ¶¶ 7, 9.) Defendants are addressing Muslim inmates' needs to the best of their staff's abilities while still meeting institutional security requirements. (Defs.' Mot. at 5.)

Regardless, Defendants assert that Plaintiff himself has failed to comply with the terms of the agreement by submitting a CDCR 602 inmate appeal if he feels Defendants are not complying. (Menefield Dec'l, ECF No. 80 at Ex. A.) As such, Plaintiff has failed to exhaust his administrative remedies for the claims at issue . (Defs.' Mot. at 3.)

**II.     ANALYSIS**

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. Kokkonen v. Guardian Life Insurance Co., 511 U.S. 375, 377 (1994). A claim for breach of contract or a settlement agreement, even if part of the consideration for it is dismissal of a federal case, will not provide the basis for federal court jurisdiction. Id. at 378. This limited jurisdiction cannot be expanded by judicial decree or consent of the parties. Id. (citing American Fire & Casualty Co. v. Finn, 341 U.S. 6, 17–18 (1951)). Lack of jurisdiction is to be presumed and the burden of proving jurisdiction rests with the party asserting jurisdiction. Kokkonen, 511 U.S. at 377. Enforcement of a settlement requires its own basis for jurisdiction. Id.

3

Even if jurisdiction existed, the Ninth Circuit has allowed a judgment based on a settlement agreement to be set aside under Fed. R. of Civ. P. 60(b)(6) only under extraordinary circumstances where one of the parties repudiated the agreement. Keeling v. Sheet Metal Workers Int. Assoc., 937 F.2d 408, 410 (9th Cir. 1991).  The evidence presented here suggests the opposite of repudiation by Defendants.  It reflects that Defendants have provided Muslim inmates with "reasonable opportunities" to practice their religion even though perhaps not fulfilling every request according to Plaintiff's interpretation of Islam.  (Menefield Dec'l, ECF No. 80 at Ex. A.)

While not addressing Plaintiff's right to pursue his grievance and such judicial relief as may arise out of denial to process it or breach of the settlement agreement, the remedy sought here - setting aside the judgment - is not available.

## III.     **CONCLUSION**

Extraordinary circumstances not having been shown to exist and the Court otherwise lacking jurisdiction to entertain Plaintiff's motion, Plaintiff's motion for relief from judgment and reinstatement of this civil action (ECF No. 79), is DENIED.

IT IS SO ORDERED.

Dated:    October 24, 2012                    /s/ *Michael J. Seng*
                                                                     UNITED STATES MAGISTRATE JUDGE